**Joseph and Maureen BORY, Petitioners**

v.

**U.S. RAILROAD RETIREMENT BOARD, Respondent.**

No. 14–1172.

United States Court of Appeals, District of Columbia Circuit.

Sept. 11, 2015.

Thomas Albert Delegal, III, Delegal Law Offices, P.A., Jacksonville, FL, for Petitioners.

Karl T. Blank, Esquire, Kelli D. Johnson, Railroad Retirement Board (RRRB) Office of General Counsel, Chicago, IL, for Respondent.

Before: GRIFFITH and SRINIVASAN, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This case was considered on the record from the U.S. Railroad Retirement Board and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED and ADJUDGED** that the case be remanded for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc.* *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.

**MEMORANDUM**

This case involves a long and complicated dispute between the Railroad Retirement Board (the Board) and the Borys, most of which is not necessary to discuss. The Borys initially challenged the Board's substantive determination that both Joseph and Maureen Bory were employed, following retirement from railroad service, in such a manner as to warrant deductions from their annuities. A hearing officer accepted the challenge to Maureen's designation, and deductions resulting from her alleged employment were removed from the annuities. But the hearing officer upheld the designation regarding Joseph Bory's employment, and, as a result, determined that Joseph Bory's annuity, and Maureen's associated spousal annuity, had to be corrected for overpayment.

The Borys have dropped their challenge to the substantive determination regarding Joseph Bory's employment. Their only complaint before us is that the deductions made to their annuities, supposedly to correct for overpayments, were not implemented consistently with the agency's own calculations. They have requested a full accounting of all deductions from their annuity. While this claim was not originally included in the Borys' appeal to the Board from the hearing officer, the Board exercised its statutory discretion to consider the new objection and the associated evidence upon which it was based. The Board expressly acknowledged the Borys' request for "a full accounting of the . . . work deductions applied," and notes that the Board had decided to "accept[ ] the additional evidence and has considered it

in reaching its decision." *See* Board Order 13–51, JA. at 3.

In its final decision, however, the Board inexplicably summarily affirmed the hearing officer's decision and findings—all of which involve issues no longer in dispute before us—and did not respond at all to the new objection. The Borys now appeal the Board's final decision, alleging that it was arbitrary and capricious in that it failed to assess the amount owed to them and did not explicitly consider whether the Borys paid back more than should have been recouped even under the Board's own calculations.

In its brief before this court, the Board claims that it expressly determined that no money was owed to the Borys. Yet in Order 13–51, the Board did not provide any explanation for its resolution of this specific objection regarding implementation of the hearing officer's calculations. It failed to respond at all. Confronted with the same objection here, the Board now defends its decision that the accruals and deductions were correctly implemented by introducing new and previously unseen "netting" calculations and a lengthy accounting of the accrued payments and deduction in an attached addendum. *See* Resp't Br. at 22–30 & addendum. This explanation is nowhere mentioned by the Board in its original opinion, indeed it is not present in the record below. It appears for the first time before this court.

Simply put, the Board must explain its decision regarding the Borys' specific complaint. Indeed, it is surprising that Counsel for the Board did not herself seek a remand in order for the agency to provide additional explanation. Because the Borys no longer challenge the Board's conclusion regarding Joseph Bory's initial Title II deductions, nor the calculations of the initial overpayments, and because both find plenty of support in the record, the

Board's decision on these issues need not be reconsidered.